Saul S. Streit, J.
The .third-party defendants move for dismissal of the complaint for insufficiency. The action rests in part on a document of escrow deposit as follows:
‘ ‘ With reference to your letter of October 2, 1958 to Swiss Credit Bank, New York, N. Y., the above reference, we enclose our certified check in the amount of $7,238.63, representing 10% of the value of the merchandise to be delivered under the Letter Credit CCF 06053.
“ We certify that the beneficiary of this Letter of Credit will ship the balance of the merchandise not later than November 30, 1958 in one or several lots. In the event that this undertaking is not respected by them, we hereby authorize you to pay this 10% or $7,238.63 to the principal as indemnity. If the balance of the merchandise is shipped not later than November 30, 1958 you will please return this $7,238.63 to us.”
Actually, it was given, as appears, as security for the performance of an agreement and to indemnify the buyer in the event of the seller’s default. It is alleged that no shipment was *219 made on or before November 30,1958 and, accordingly, it would follow from the language of the document that the security is lost and is to be turned over to the principal as indemnity. It is further alleged, however, that the agreement between the buyer and seller required that the shipment be made on a vessel to be designated by the buyer, the latter failed and refused to designate, and thereby prevented performance by the seller. For the purpose of pleading, the escrow arrangement must be construed as surety for performance and requires further investigation as to meaning and the application thereof to the underlying transaction. It is alleged, in addition, that the buyer is a resident of Turkey, has no place of business or agency in New York, and is not subject to service of process here.
The motion is denied.